IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

TONY TERRELL BUNTON                                                                                      PLAINTIFF

V.                                                                                                   NO. 3:09CV080-M-D

GOLBAL ENTERPRISE ORGANIZATION
GEO GROUP, INC., et al.                                                                             DEFENDANTS

REPORT AND RECOMMENDATION

On January 14, 2010, the Plaintiff, an inmate currently in the custody of the Mississippi Department of Corrections ("MDOC"), appeared before the court for a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), to determine if there exists a justiciable basis for his complaint filed under to 42 U.S.C. § 1983.

**The Claims**

In his complaint, the Plaintiff has attempted to state claims regarding the conditions of his confinement and denial of medial care. The Plaintiff's claims arise out of events which occurred in December of 2007 at the Marshall County Correctional Facility. The Plaintiff alleges that there was a "funny odor" in the hallway at the facility and that the smell was reported to prison officials. Defendant Rhynes came to inspect but did nothing to resolve the problem. Defendants Campbell and Bosomnte also came to investigate and said that the inmates would be fine until the morning when maintenance could find the source. The next day, while the Plaintiff was taking a shower, he states that he became light headed and then fell unconscious. In his complaint, the Plaintiff claims that he received no medical attention.

At the *Spears* hearing, however, an MDOC representative, after having reviewed the Plaintiff's medical file, stated that on December 18, 2007, the Plaintiff was brought to the infirmary complaining that he had passed out. Contrary to the allegations, the Plaintiff was held and observed for two hours without incident and then released with no complaints.

Additionally, at the hearing, it became apparent that the Plaintiff had named Global Enterprises and Stevenson as Defendants based solely on their supervisory capacity. It is well settled that prison officials cannot be liable absent any personal involvement in the events which gave rise to this civil action. *Sanders-Burns v. City of Plano*, 578 F.3d 279, 290 (5th Cir. 2009) (the doctrine of respondeat superior is not cognizable in 1983 actions). In a § 1983 action employers and supervisors cannot be held liable for the actions of prison employees under a respondeat superior theory of liability. *Monell v. Dept. of Social Serv.*, 436 U.S. 658, 693, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). Accordingly, Defendants Global Enterprises and Stevenson should be dismissed.

Similarly, the Plaintiff has also failed to state a claim against Defendant Perry. The Plaintiff admitted that Perry was named only because she responded to his grievance. Defendant Perry had no other personal involvement or direct causal connection to the alleged constitutional violation. The undersigned recommends that Defendant Perry be dismissed.

Finally, the Plaintiff has voluntarily dismissed Defendants Rhynes, Rucker and Marshall County.

## Motion for Preliminary Injunction

Along with his complaint, the Plaintiff also filed a motion for a preliminary injunction in which he is seeking an order that would require the Defendants to provide him with reasonable medical treatment to alleviate the potential serious and permanent harm that could result from having been allegedly exposed to carbon monoxide gas.

It is well settled that a party must prove four elements to be entitled to preliminary injunctive relief: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction is not issued; (3) that the threatened injury to the movant outweighs any harm that may result from the injunction to the non-movant; and (4) that the injunction will not disserve the public interest. *DSC Communications Corp. v. DGI Technologies, Inc.*, 81 F.3d 597, 600 (5th Cir. 1996); *Rodriguez v. United States*, 66 F.3d 95, 97 (5th Cir. 1995), *cert. denied*, 116 S. Ct. 1058, 134 L. Ed. 2d 202 (1996); *Cherokee Pump & Equipment, Inc. v. Aurora Pump*, 38 F.3d 246, 249

(5th Cir. 1994); *Doe v. Duncanville Independent School District*, 994 F.2d 160, 163 (5th Cir. 1993); *Plains Cotton Co-op Association v. Goodpasture Computer Serv., Inc.*, 807 F.2d 1256, 1259 (5th Cir.), *cert. denied*, 484 U.S. 821, 108 S. Ct. 80, 98 L. Ed. 2d 42 (1987); *Canal Authority of Florida v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974). This court pays more than lip service to the axiom that a preliminary injunction is an extraordinary remedy. *Cherokee Pump*, 38 F.3d at 249. It is "not to be granted routinely, but only when the movant, by a clear showing, carries [the] burden of persuasion." *Black Fire Fighters Association v. City of Dallas*, 905 F.2d 63, 65 (5th Cir. 1990) (quoting *Holland American Insurance Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1985)); *Cherokee Pump*, 38 F.3d at 249 (quoting *Mississippi Power & Light v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985)) ("The decision to grant a preliminary injunction is to be treated as the exception rather than the rule").

The Plaintiff cannot satisfy each element necessary to obtain the extraordinary relief he seeks. Although his complaint shall be allowed to go forward as to some of the Defendants, the Plaintiff is far from establishing his entitlement to any relief. He may have a stronger argument for demonstrating irreparable harm. However, he was examined and observed within a reasonable period of time following exposure to an unidentified odor and was without any resulting medical issues. The medical examination belies any concern of future irreparable harm. The last two elements do not add anything to the Plaintiff's motion. Therefore, the undersigned recommends that the motion for preliminary injunction be denied.

### Motion for Counsel

The Plaintiff also filed a motion to appoint counsel. There is no automatic right to counsel in a § 1983 case. *Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987); *Wright v. Dallas County Sheriff's Dept.*, 660 F.2d 623, 625-26 (5th Cir. 1981). Unless there are "exceptional circumstances," a district court is not required to appoint counsel to represent indigent plaintiffs in a civil action. *Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982); *see also, Feist v. Jefferson County Commissioners Court*,

778 F.2d 250, 253 (5th Cir. 1985). There are four factors to be considered in ruling on requests for appointment of counsel:

> (1) The type and complexity of the case;
> (2) Whether the indigent is capable of adequately presenting his case;
> (3) Whether the indigent is in a position to adequately investigate the case; and,
> (4) Whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination of witnesses.

*Ulmer v. Chancellor*, 691 F.2d 209, 212-13 (5th Cir. 1982); *see also, Jackson v. Dallas Police Dept.*, 811 F.2d 260, 262 (5th Cir. 1986). The court should also consider whether the appointment of counsel would be a "service" to the defendant and the court as well as the plaintiff, since representation by counsel may sharpen the presentation of the issues, shorten the trial, and assist the court in reaching a just determination. *Ulmer,* 691 F.2d at 213. As directed by the Fifth Circuit in *Jackson*, this court should make specific findings on each of the *Ulmer* factors rather than deciding the motion in a conclusory manner.

The first factor to be considered in deciding to appoint counsel in a § 1983 case is the type and complexity of the case. Here, the plaintiff complains about his general conditions of confinement. Specifically, being exposed to a funny odor which the Plaintiff speculates was carbon monoxide. As a result of the exposure, the Plaintiff alleges that he suffered from an upset stomach, severe headaches, shortness of breath, asthma attacks and elevated blood pressure. A thorough, liberal review and construction of the pleadings, in accordance with *Haines v. Kerner*, 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972), reveals that there are no complex issues to be decided.

The court must also consider whether the indigent is capable of adequately presenting his case. After a review of the file in the instant case and the opportunity to observe the Plaintiff during the *Spears* hearing, it appears that the Plaintiff is very capable of presenting the instant claim with limited assistance from the court. This case is not complicated and the pleadings thus far demonstrate that the Plaintiff has the ability to adequately represent himself.

4

*Ulmer* further directs that the court inquire as to whether the indigent is in a position to adequately investigate the case. The mere fact that the plaintiff is incarcerated does not mean that he is unable to adequately investigate his case. In *Feist v. Jefferson County Commissioners Court*, *supra*, the Fifth Circuit held that an incarcerated plaintiff was able to adequately investigate his claims concerning the conditions of his confinement, and there is nothing in the Plaintiff's case to indicate that he would be unable to do so.

Finally, the Plaintiff should be able to effectively present his claims at trial, since the facts of this case do not call for extraordinary skills in cross-examination or the presentation of evidence. In light of the Plaintiff's allegations, it is reasonable to anticipate that there will be conflicting testimony at trial, if the case reaches that stage. However, that is true of almost all cases and it has been the experience of the court that in many such cases it has tried that, following the procedures employed by this court, an adequate probing of the testimony of defense witnesses is possible, even with a *pro se* plaintiff.

As is almost always the case, this proceeding would no doubt benefit to some extent from the presence of counsel for the plaintiff. The trial would no doubt progress somewhat more expeditiously, and counsel might serve to refine and sharpen the issues. It may be safely assumed that it is preferable in any case that the parties be represented by capable and well-prepared counsel than that they proceed *pro se*. However, unless the "exceptional circumstances" rule is to be abandoned and counsel is to be appointed for all *pro se* prisoner litigants in all § 1983 cases, a course which the court is not free to take even if it wished to do so, the general desirability of counsel is not a factor which in this case requires the appointment of counsel. Therefore, the Plaintiff's motion for appointment of counsel shall be denied.

## Conclusion

It is the recommendation of the undersigned, therefore, that the Defendants Global Enterprise, Stevenson, and Perry be dismissed with prejudice. It is further recommended that Defendants Rhynes, Rucker, and Marshall County be dismissed upon the motion of the Plaintiff.

The claims shall proceed to all other Defendants. The undersigned recommends that the motion for a preliminary injunction and motion for the appointment of counsel be denied.

The parties are referred to 28 U.S.C. 636(b)(1) and Local Rule 72.1(C) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within fourteen (14) days of this date. Failure to file written objections to the proposed finding and recommendations contained in this report within fourteen (14) days from the date of filing will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions accepted by the district court. *Douglass v. United Services Automobile Assoication*, 79 F.3d 1415 (5th Cir. 1996).

The Plaintiff is directed to acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the court within fourteen (14) days of this date. The Plaintiff is warned that failure to comply with the requirements of this paragraph may lead to the dismissal of this lawsuit under Fed. R. Civ. P. 41(b) for failure to prosecute and for failure to comply with an order of the court.

This the 19th day of January, 2010.

                                         /s/ JERRY A. DAVIS
                                         UNITED STATES MAGISTRATE JUDGE