IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

TONY TERRELL BUNTON                                                                    PLAINTIFF

V.                                                           CIVIL ACTION NO.3:09CV80-MPM-DAS

LEPHER JENKINS, et al.                                                              DEFENDANTS

REPORT AND RECOMMENDATION

The defendants Jenkins, Kpabitey, Williams, Kirk, Streeter, Ray, and Campbell have moved for summary judgment. The plaintiff Bunton has also moved for summary judgment. Disposition of the defendants' motion dictates the outcome of the plaintiff's motion.

SUMMARY JUDGMENT STANDARDS

Summary judgment will be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c). Rule 56(e) Fed.R.Civ.P. requires that materials supporting or opposing the motion be admissible at trial. Material that would be inadmissible cannot be considered on a motion for summary judgment since it would not establish a genuine issue of material fact.

Summary judgment is proper "where a party fails to establish the existence of an element essential to his case and on which he bears the burden of proof. A complete failure of proof on an essential element renders all other facts immaterial because there is no longer a genuine issue of material fact." *Washington v. Armstrong World Indus*., 839 F.2d 1121, 1122 (5th Cir.1988) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323(1986)). If the party with the burden of proof

cannot produce any summary judgment evidence on an essential element of his claim, summary judgment is required. *Geiserman v. MacDonald,* 893 F.2d 787, 793(5th Cir. 1990).

The moving party must make an initial showing that there is no dispute of material fact or that there is a failure of proof of an element of the claim. If this showing is made, the nonmoving party must go beyond pleadings and submit specific evidence showing that there are one or more genuine issues of fact to be resolved by trial. In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)(emphasis omitted). While all facts are considered in favor of the nonmoving party, including all reasonable inferences therefrom, *Banc One Capital Partners Corp. v. Kneipper*, 67 F.3d 1187, 1198 (5th Cir. 1995), the nonmovant's burden, " is not satisfied with 'some metaphysical doubt as to the material facts,'" *Matsushita,* 475 U.S. at 586,, by 'conclusory allegations,' *Lujan,* 497 U.S. at 871-73, by "unsubstantiated assertions," *Hopper v. Frank,* 16 F.3d 92 (5th Cir.1994), or by only a "scintilla" of evidence, *Davis v. Chevron U.S.A., Inc.,* 14 F.3d 1082 (5th Cir. 1994). *Little v. Liquid Air Corp.* at 1075.[1] A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). Summary judgment is appropriate if "critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." *Armstrong v. City of Dallas*, 997 F.2d 62 (5th Cir. 1993). If the nonmoving party fails to meet this burden, the motion for summary judgment must be granted.

---

[1] Quoting from *Matsushita Electric Indus.Co. v. Zenith Radio Corp.,* 475 U.S. 574 (1986) and *Lujan v. National Wildlife Federation*, 497 U.S. 871 (1990).

These standards have been applied in evaluating the evidence of record in support of and opposition to the motions for summary judgment.

RECORD AND ANALYSIS

The plaintiff, an inmate with the Mississippi Department of Corrections, housed at the Marshall County Correctional Facility, complains that he was injured when exposed to some unidentified gas in his housing unit on December 18th and 19th, 2007. He complains that he was denied needed immediate medical care following this incident. He also complains that he was denied medications for hypertension and an inhaler for his asthma for one year and three months from his transfer into this facility and ending in October 2008.

Initially, the defendants assert that Bunton has failed to exhaust his administrative remedies which – if true – would bar this action. But the defendants do not allege that the plaintiff has failed to go through all three steps of the administrative remedies program. Instead they assert that the plaintiff is barred from seeking monetary damages and injunctive relief because he failed to demand these particular remedies within the administrative remedies program. None of the cases cited by the defendants support their position. While the prisoner is "require[d] to exhaust the grievance procedures offered, whether or not the possible responses cover the specific relief the prisoner demands," *Booth v. Churner*, 532. U.S. 731, 738 (2001), the law does not require the prisoner to exhaust specific remedies that are not available administratively. Having raised the factual basis of his complaints through all three steps prescribed under Mississippi's administrative remedies program, Bunton has done all the law requires as a prerequisite to this action.

The defendants assert that they are entitled to summary judgment on the claims for exposure to gases that resulted – according to the plaintiff – in a loss of consciousness and other symptoms. There is no dispute that some type of gas or noxious fumes entered the housing area. As a result, Bunton and other inmates suffered symptoms. The conditions in the housing unit deteriorated overnight, and the inmates were eventually evacuated and monitored by nursing staff for a period of time. Bunton asserts that the defendants, Campbell and Bosomtwe, were personally involved in and made the decision to leave the inmates in this unit for several hours after they were aware of the fumes coming into the unit. According to Bunton, the inmates were subjected to these fumes or gases for over twelve hours. There is a material dispute of facts regarding the severity of the conditions from the fumes or gases. After considering the matter, the court finds the evidence presented is sufficient to create an issue for the jury. Specifically, a jury will be asked to determine whether the refusal to take action earlier amounts to deliberate indifference.

The plaintiff claims he should have been taken to the hospital after the exposure to the fumes in his unit. The defendants assert that they provided him with medical care that met the constitutional minimums. While the state has "an obligation to provide medical care for those whom it is punishing by incarceration," *Estelle v. Gamble*, 429 U.S. 97, 103 (1976), it is not liable for simple carelessness, inadvertent failure to provide appropriate medical care, nor even a deliberate failure to conform to a standard suggested by experts. *Id*. at 105-109. Prisoners may recover only for violation of their constitutional rights. "The Constitution does not command that inmates be given the kind of medical attention that judges would wish to have for themselves, nor the therapy that Medicare and Medicaid provides for the aged or the needy."

4

*Barksdale v. King*, 699 F.2d 744, 748 (5th Cir. 1983). The Constitution only prohibits "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle*, 429 U.S. at 106. Only this level of indifference can amount to "unnecessary and wanton infliction of pain." *Id.* at 105, (quoting *Gregg v. Georgia*, 428 U.S. 153, 182-183 (1976)). "It is only such indifference that can offend 'the evolving standards of decency' in violation of the Eighth Amendment." *Estelle,* 429 U.S. at 106.

In Bunton's case without dispute he and the other inmates were removed from the unit at approximately 5:30 a.m. Nursing staff observed the inmates for some time thereafter. As the defendants note, inmates are not entitled to medical services on demand, *Mayweather v. Foti*, 958 F.2d 91 (5th Cir. 1992) nor does an inmate's disagreement with the medical care provided establish a violation of his constitutional rights. *Martinez v. Turner*, 977 F.2d 421, 423 (8th Cir. 1992). Bunton thought he should go the hospital. The nurses who observed him thought no further treatment was needed. In this case there is simply a disagreement with the medical care provided to him after he was exposed to whatever fumes were vented into the housing unit. Therefore, the defendants are entitled to summary judgment as to this issue.

The defendants cite multiple cases in their brief holding that the failure of one doctor to concur in another's diagnosis or to carry out the recommendations or instructions of another doctor does not establish a constitutional violation. *Stewart v Murphy,* 174 F.3d 530, 535 (5th Cir. 1999). That type of proof shows only a difference of medical opinion about how best to treat the inmate. In this case, the plaintiff claims and has submitted medical records confirming his earlier diagnosis of hypertension and prescriptions for this condition and an inhaler. These are records from another facility where he was housed as an MDOC inmate. He claims that his blood

5

pressure was repeatedly dangerously high after his transfer to MCCF. There is no dispute that there was a fifteen-month gap in medications. He claims – and the defense does not contradict his claim – that his blood pressure was controlled with two medications before this gap and that additional medications had to be prescribed after this gap. The defense has offered neither affidavit nor medical records to contradict Bunton's assertions. While it cannot be said as a matter of law that this gap in treatment rises to the level of deliberate indifference, given the seriousness and chronic nature of hypertension and asthma, it cannot be said as a matter of law that it is *not* deliberate indifference. The motion for summary judgment should be denied with regard to this claim.

The defendants next assert they are entitled to summary judgment because the plaintiff has not shown more than a *de minimus* injury. If accepted by a jury, however, the plaintiff's allegations may establish more than a *de minimus* injury. The fact that the nursing staff felt it necessary to monitor Bunton (who reportedly had lost consciousness) as well as other exposed inmates also reflects that Bunton injuries are likely to reach the threshold for allowing damages for emotional distress. This issue is best reserved for the trial.

Finally, the defendants assert that some of them are entitled to summary judgment because they were not personally involved in the episode and medical treatment and cannot be held liable based solely on their roles as supervisors. *Monell v. Department of Social Services*, 436 U.S. 658(1978). The undersigned finds that the defendants Lepher Jenkins, the warden, Willie M. Williams, the deputy warden, and Jessie Streeter, the chief of security, are each entitled to summary judgment because the only basis for liability as to them is their roles as supervisors.

CONCLUSION

The undersigned recommends as follows:

1. That the defendants' motion for summary judgment be granted in part and denied in part. The undersigned recommends that the defendants' motion be granted to the extent of dismissing Bunton's claim for allegedly inadequate medical treatment after the December 18-19, 2007 exposure to gases/ fumes be granted. The undersigned recommends that the motion for summary judgment be granted to the extent of finally dismissing the defendants Lepher Jenkins, Willie M.Williams and Jessie Streeter. The motion should be otherwise denied.

2. The plaintiff's motion for summary judgment should be denied. Material issues of fact remain regarding the exposure to noxious gases/fumes and with regard to the gap in hypertension and asthma medications that must be resolved by trial.

The parties are referred to 28 U.S.C. § 636(b)(1) and Local Rule 72(a)(3) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within fourteen days of this date. Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days from the date of filing will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions accepted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Plaintiff is directed to acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the court within fourteen days of this date. Petitioner is warned that failure to comply with the requirements of this paragraph may lead to

the dismissal of this lawsuit under F.R.Civ.P. 41(b) for failure to prosecute and for failure to comply with an order of the court.

This the 11th day of July, 2011.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE